UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **RONNY LEE THOMAS** | **CIVIL ACTION NO. 22-6232** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| | |
| **TONY R. MOORE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Ronny Lee Thomas, who proceeds pro se and in forma pauperis, filed this proceeding on approximately December 15, 2022, under 42 U.S.C. § 1983. He names Lieutenant Tony R. Moore and Sheriff Department Chief Steve Prator as defendants.[1] For reasons below, the Court should dismiss this proceeding as duplicative.

**Background**

Plaintiff claims that Chief Steve Prator is ordering Lieutenant Tony R. Moore, who "is over" a sex offender program, to force Plaintiff to register as a sex offender for life. [doc. # 1, p. 4]. Stating that his plea agreement from 1989 did not require him to register as a sex offender for life, Plaintiff alleges that defendants have altered his "transcript to appear different from" his 1989 judgment. *Id.* Plaintiff also mentions—in the portion of the form pleading which prompted him to describe the amount in controversy in this proceeding—that for the last six years he has paid "unlaw[ful] fines to the department." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff asks the Court to order defendants to remove him from the "list to register as a sex offender[,]" reimburse him for payments "made to the department[,]" and compensate him for pain and suffering. *Id.*

## Law and Analysis

"IFP complaints may be dismissed as frivolous . . . when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending" suit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").[2]

District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, claims he raised in a proceeding that he filed before he filed the instant action: *Ronny Thomas v. Caddo Parish Sex Offender Registration*, 5:21-cv-4029 (W.D. La. 2021). There, Plaintiff alleged that he entered a plea bargain in 1989, in which he was not required to register

---

[2] Subsection (e)(2)(B) in the current version of 28 U.S.C. § 1915 was in subsection "(d)" in a previous version of the statute.

as a sex offender for life. *Id.* at Doc. 1, p. 4. He claimed that a deputy with the Caddo Sheriff's Department required him to register as a sex offender for life even though the state court judge did not order him to register and even though he completed his sentence in 1998. *Id.* at 5-6. Echoing his claim in the instant proceeding that defendants altered his "transcript to appear different from" his 1989 judgment, he claimed in the prior proceeding that "the department" fabricated false documents, attempting to change his 1989 sentence. *Id.* at 6. And, like his statement in the instant proceeding that he is forced to pay unlawful fines, he stated in the prior proceeding that he had to "come to the department every three '3' months" to pay fees. *Id.* at 6.

On February 18, 2022, the court dismissed Plaintiff's prior complaint with prejudice. *Id.* at Doc. 11. Plaintiff appealed, and on June 2, 2022, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution. *Id.* at Doc. 13.

Plaintiff's claims here are therefore duplicative, frivolous, and malicious.[3] The Court should dismiss them with prejudice.[4]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Ronny Lee Thomas's claims be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and malicious.

---

[3] Section 1915(e)(2)(B) applies equally to prisoners and non-prisoners when the plaintiff proceeds in forma pauperis. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming the dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i), of non-prisoner claims as frivolous).

[4] That Plaintiff names different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 13th day of January, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge